UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER McDANIEL,

     Plaintiff,       Civil Action No. 23-cv-10786
                HON. BERNARD A. FRIEDMAN

v.

STEWART,

     Defendants.

_____/

**OPINION AND ORDER DISMISSING THE COMPLAINT**

I.  Introduction

   Christopher McDaniel, a prisoner in the custody of the Michigan Department of Corrections (MDOC), commenced this *pro se* action pursuant to 42 U.S.C. § 1983.  McDaniel alleges that "Stewart" (whose name is unknown), a resident unit manager at the Cooper Street Correctional Facility, violated his First Amendment rights.  For the following reasons, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

II.  Background

   McDaniel claims that on December 6, 2021, Stewart refused to process his legal mail and suggested that he file a grievance if he had any objections. (ECF No. 1, PageID.5).  McDaniel filed a grievance which was denied at all three steps of the

prison grievance process. (*Id.*, PageID.17-20).  On December 17, 2021, McDaniel asked Stewart to process legal mail addressed to an attorney with the WMU-Colley Innocence Project.  He claims that Stewart again refused to process his mail. (*Id.*, PageID.5).  The complaint alleges that Stewart's refusals violated McDaniel's First Amendment right to access the courts.  He also claims that Stewart refused to process his mail in retaliation for the grievance he filed against her.

III.   Legal Standards

McDaniel has been granted leave to proceed with this lawsuit without prepaying the filing fee.  Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from suit. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  The rule's purpose is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

While Rule 8 notice pleading does not mandate detailed factual allegations, it does require more than bare legal conclusions. *Twombly*, 550 U.S. at 555.

To state a plausible section 1983 claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured under the federal Constitution or laws of the United States, and (2) a person acting under color of state law caused the deprivation. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

IV.   Analysis

    *A.*   *Denial of Access to the Courts*

Prisoners have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977), *abrogated on other grounds by Lewis v. Casey*, 513 U.S. 343, 351 (1996).  A prisoner's right to access the courts includes the right to challenge a conviction or sentence directly or collaterally and to challenge any conditions of confinement.  *Lewis*, 518 U.S. at 349; *see also Brown v. Matauszak*, 415 F. App'x 608, 610 (6th Cir. 2011).

To prevail on a § 1983 claim asserting the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury resulting from the challenged conduct. *Lewis*, 518 U.S. at 351.  Examples of actual prejudice include the dismissal of a case, being unable to file a complaint, or missing a court-imposed deadline.  *Id.* at 353.

3

The prejudiced claim must be non-frivolous. "[T]he underlying cause of action...is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

This last element is missing here because McDaniel fails to plausibly allege that he suffered an actual injury. McDaniel contends that Stewart's misconduct prevented him from relaying important information to an attorney investigating his actual innocence claim. But McDaniel acknowledges that he was eventually able to send his legal mail after a two-month delay. (ECF No. 1., PageID.6). And the complaint omits any allegation that the delay barred him from maintaining the actual innocence claim or pursuing any other legal matter. *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) ("[T]o prevail, [plaintiff] must prove [defendants] prevented him from pursuing a legitimate legal claim.").

What is more, McDaniel neglects to explain the nature of the underlying cause of action or to advance an argument illustrating how the claim was non-frivolous. For all these reasons, McDaniel fails to demonstrate that he suffered an actual injury stemming from Stewart's interference with his legal mail.

B.    *First Amendment Retaliation*

McDaniel next argues that Stewart refused to process his legal mail because he filed a grievance against her.  Retaliation against a prisoner for exercising his constitutional rights violates the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  First Amendment retaliation claims require a showing that (1) the plaintiff engaged in protected conduct, (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there was a causal connection between the first and second elements, *i.e.*, the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Id.*

McDaniel cannot meet his burden.  He merely asserts, in a conclusory manner, that Stewart retaliated against him.  And conclusory allegations of retaliatory motive, "with no concrete and relevant particulars," fail to state a plausible claim for relief. *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (citing cases); *see also Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001) (noting that the causal-connection element of a retaliation claim requires the plaintiff to "show that the [challenged] decision was motivated, at least in part, by the plaintiff's protected activity").

Timing poses a significant hurdle as well.  Stewart initially refused to process McDaniel's legal mail *before* he filed the grievance.  So the first refusal could not

have been retaliatory.  And while the second refusal occurred after McDaniel already filed the grievance, his conjecture about Stewart's retaliatory motives is unsupported by any plausible factual allegations.  Therefore, McDaniel fails to state a claim for First Amendment retaliation.  Accordingly,

IT IS ORDERED that the complaint is dismissed.

IT IS FURTHER ORDERED that McDaniel is not certified to pursue an appeal from the judgment *in forma pauperis* because an appeal would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS FURTHER ORDERED that in the event McDaniel decides to file a notice of appeal, he may seek leave from the Court of Appeals to proceed *in forma pauperis*. *See* Fed. R. Civ. P. 24(a)(5).

Dated: June 12, 2023
        Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on June 12, 2023.

| | |
|---|---|
| **Christopher McDaniel #720417** | s/Johnetta M. Curry-Williams |
| CENTRAL MICHIGAN CORRECTIONAL | Case Manager |
| FACILITY | |
| 320 HUBBARD | |
| ST. LOUIS, MI 48880 | |